NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2386-15T1

HSBC BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR MASTR REPERFORMING
LOAN TRUST 2005-2,

 Plaintiff-Respondent,
v.

RICHARD LAWRENCE, his heirs,
devisees, and personal
representatives and his/her,
their, or any of their successors
in right, title and interest,

 Defendant,
and

FELICIA ENUYOKAN, his wife,
his heirs, devisees, and
personal representatives and
his/her, their, or any of their
successors in right, title and
interest,

 Defendant-Appellant,

and

Furniture King, Inc., and Midland
Funding, LLC,

 Defendants-Respondents.
___________________________________

 Submitted April 24, 2017 – Decided May 2, 2017
 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Essex County, Docket No.
 F-045319-13.

 Montell Figgins, attorney for appellant.

 Reed Smith, LLP, attorneys for respondent HSBC
 Bank (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM

 In this mortgage foreclosure matter, defendant Felicia

Enuyokan appeals from a final judgment of foreclosure entered by

default on November 23, 2015. We affirm.

 We derive the following procedural history and facts from the

record. Defendant formerly held title to a residence in Orange.

On August 7, 2003, defendant and her now-deceased husband

(collectively "the borrowers") executed a note to Security

Atlantic Mortgage Co., Inc. ("Security") in the amount of $274,811.

To secure payment, the borrowers executed a mortgage encumbering

the residence in favor of Mortgage Electronic Registration Systems

("MERS"1), as nominee for Security. The mortgage was recorded

with the Essex County Clerk's Office on August 26, 2014.

1 Banks often sell mortgages to one another and, rather than
publicly recording the transfers at the county recorder of deeds,
they self-track the mortgage assignment through MERS. "MERS is a
private corporation which administers a national electronic
registry that tracks the transfer of ownership interests and

 2 A-2386-15T1
 On August 4, 2006, the borrowers entered into a loan

modification agreement, which increased the amount of the loan to

$279,950.78. On January 20, 2011, the borrowers executed a second

loan modification agreement. Under this agreement, the loan

principal was raised to $302,034.28, but the borrowers were able

to lower their yearly interest rate from 6.5% to 4.875%, thus

saving them approximately $230 a month.

 On October 22, 2012, MERS assigned the mortgage to plaintiff

HSBC Bank, N.A. The assignment was recorded with the Essex County

Clerk's Office on October 24, 2012.

 On January 1, 2013, the borrowers defaulted on the loan. On

December 5, 2013, plaintiff filed its foreclosure complaint.

Defendant filed an answer with affirmative defenses and

counterclaims on January 27, 2014.

 On July 16, 2014, plaintiff filed a motion for summary

judgment, which defendant did not oppose. However, on September

2, 2014, the parties agreed to the entry of a consent order. Under

the terms of this order, defendant's answer was "deemed to be non-

contesting, and all [of her] affirmative defenses and/or claims

[were] voluntarily dismissed with prejudice[,]" together with her

counterclaims. The parties also agreed that the matter would be

servicing rights in mortgage loans." Bank of New York v.
Raftogianis, 418 N.J. Super. 323, 332 (Ch. Div. 2010).

 3 A-2386-15T1
"returned to the Office of Foreclosure, where it shall proceed to

[j]udgment in an uncontested manner[.]"

 In the interim, plaintiff agreed to evaluate defendant for a

modification of her loan, provided she filed the application no

later than September 15, 2014. Although plaintiff could not

guarantee that defendant would be able to qualify for a third loan

modification, it agreed to postpone seeking a final judgment of

foreclosure for ninety days.

 Defendant did not secure a modification of the loan. On

October 20, 2015, plaintiff filed a motion for the entry of a

final judgment of foreclosure. On November 23, 2015, the Chancery

Division entered the final judgment by default in accordance with

the terms of the parties' consent order. This appeal followed.

 On appeal, defendant contends for the first time that

plaintiff lacked standing to foreclose on the mortgage and that

plaintiff "violat[ed] the covenant of good faith and fair dealing"

during the loan modification process. We have considered

defendant's contentions in light of the record and applicable

legal principles and conclude that they are without sufficient

merit to warrant discussion in a written opinion. R. 2:11-

3(e)(1)(E). We add the following brief comments.

 Here, default was entered against defendant by agreement of

the parties pursuant to the September 2, 2014 consent order. It

 4 A-2386-15T1
is well established that "an order . . . consented to by the

attorneys for each party . . . is . . . not appealable." New

Jersey Schools Constr. Corp. v. Lopez, 412 N.J. Super. 298, 308

(App. Div. 2010) (quoting Winberry v. Salisbury, 5 N.J. 240, 255,

cert. denied, 340 U.S. 877, 71 S. Ct. 123, 95 L. Ed. 638 (1950)).

Because defendant consented to having her answer deemed

uncontested, with all of her affirmative defenses and

counterclaims voluntarily dismissed with prejudice, defendant is

barred from challenging the final judgment of foreclosure.

 Just as importantly, defendant concedes in her reply brief

that the arguments she attempts to present on appeal "were not

raised at the trial level[.]" We will ordinarily decline

consideration of an issue not properly raised before the trial

court, unless the jurisdiction of the court is implicated or the

matter concerns an issue of great public importance. Zaman v.

Felton, 219 N.J. 199, 226-27 (2014) (citing Nieder v. Royal Indem.

Ins. Co., 62 N.J. 229, 234 (1973)). Neither situation exists here

and, because defendant did not contest plaintiff's standing to

foreclose or its compliance with the covenant of good faith and

fair dealing before the trial court, the record is plainly

insufficient to permit appellate review. Therefore, we decline

to consider these contentions for the first time on appeal.

 Affirmed.

 5 A-2386-15T1